Rockingham,
No. 5178.

Marion A. MacGregor *& a.*

*v.*

John O. Morton, *Comm'r.*

Argued September 4, 1963.
Decided November 5, 1963.

*Arthur E. Porter* (by brief and orally), for the plaintiffs.

*William Maynard*, Attorney General, and *Ronald H. Bean*, Assistant Attorney General (*Mr. Bean* orally), for the defendant.

BLANDIN, J.   The record before us appears to present the single issue, as stated in the brief of the plaintiffs, Marion A. and Gladys E. MacGregor: "Should a temporary injunction be ordered requiring Commissioner Morton to give the [plaintiffs] access to their home until there has been an adjudication on the merits."   In considering this question, it seems unnecessary to detail the voluminous facts alleged in the plaintiffs' original petition, their motion to amend and those agreed upon by the parties.   The determination of all disputed facts upon which a final decision depends must eventually be made by the Trial Court. *Richardson* v. *Beattie*, 98 N. H. 71, 76.

The plaintiffs' original petition, together with their motion to amend claim, in substance that their premises are "landlocked," that the Commissioner has arbitrarily, capriciously, unreasonably, without exercising any discretion and in bad faith, denied them all access to Route 102.   They state that his action is also

discriminatory, since other abutters on this route have been given access. In short, they charge that he has abused the discretionary powers granted him under RSA 236:3, so that they are entitled to equitable relief. *Fortin* v. *Morton*, 101 N. H. 477.

It is well established that abutters on a limited access road, as here involved, have no rights of access such as they have to conventional highways. *Morton* v. *State*, 104 N. H. 134. The Commissioner's powers, under the discretion granted him by RSA 236:3, to limit or deny access in the interest of public safety and in furtherance of the objectives of the limited access facility, are broad and too well established to require extended discussion. *Wiseman* v. *Merrill,* 99 N. H. 256; *Kostrelos* v. *Merrill,* 101 N. H. 317. Unless the defendant failed to exercise discretion or abused his power in refusing the plaintiffs access, his decision will not be disturbed. *Fortin* v. *Morton*, 101 N. H. 477.

In the present case, the Trial Court, by denying the plaintiffs' motion for a temporary injunction, after hearing, found that they had failed to establish grounds for the relief sought. The entire record before us does not establish any error in the order of the Court.

*Exception overruled.*

All concurred.